## Mullins et al. v. Potter.

June 13, 1941.

Russell Vanover for appellant.

Burke & Sanders and A. F. Childers for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This appeal is from so much of a judgment as quieted the title of appellee to two small triangular tracts of land, containing about three acres each, in an action of trespass filed by appellant against appellee for cutting timber on the land. The action was transferred to equity and proceeded as an equitable action without objection.

The evidence discloses that the two triangular tracts are within the boundaries of the Aaron Moore patent of fifty acres dated August 28, 1858, under which appellee claims title to a portion of the land owned by him, one of the triangles being immediately adjacent on the north to the Abraham Cantrill fifty acre patent dated January 25, 1844, and the other triangle adjacent to that patent on the south.

The petition described a tract of land containing about two hundred acres, embracing the two triangular tracts and embracing also two patents issued to Abraham Cantrill, one being the Cantrill patent referred to above and the other a patent of fifty acres issued in 1835—other lands were also embraced within the description but have no bearing on the controversy. By the answer, as amended, appellee denied the allegations of the petition and set up title to certain land, described by courses and distances, but it is questionable whether the proof was sufficient to establish that the land thus described was the same land as that covered by the Aaron Moore patent.

By the reply, however, appellant narrowed the issue by pleading that title to the land described in the petition was claimed by him under the two Abraham Cantrill patents and that appellee was the owner of adjoining land under the Aaron Moore patent. The allegation that appellant claimed under the Abraham Cantrill patents was specific and definite. The allegation as to the ownership of appellee under the Aaron Moore patent was as follows:

"They say that defendant Enoch Potter owns some land adjoining plaintiffs, down Elkhorn Creek, and that said defendants may have a deed for a portion of the land claimed by plaintiffs, but that his said deed connects back to a 50 acre patent in the name of Aaron Moore, of date August 1858. Plaintiffs say that this Aaron Moore 50 acre patent, a

portion of which overlaps on their Abraham Cantrill patent, is a junior patent to plaintiff's patent under which they hold title."

Viewed in the light of the rule that allegations of a pleading should be construed most strongly against the pleader, we have little, if any, doubt that the quoted language amounted to an allegation of ownership of the Aaron Moore patent by appellee and was so intended. The pleading was thus construed by counsel for appellee since no direct effort was made to prove that a major portion of the land owned by appellee was the same as that covered by the Aaron Moore patent. It is rather apparent from the record, however, that appellee has title to the Aaron Moore patent even in the absence of this proof—Aaron Moore conveyed to John Potter, appellee's father, who, in turn, conveyed to appellee.

The issue being thus narrowed to the interference between the Cantrill and Moore patents, the trial court correctly adjudged appellant to be the owner of all land embraced by the interference since the Moore patent was the junior patent. The evidence established definitely, however, that the two triangular tracts adjudged to appellee were within the Moore patent but outside the lines of the Cantrill patents. The only evidence of any value on this question was that of a surveyor, a witness for both parties, who located the two patents and introduced in evidence a map establishing definitely that the two triangular tracts were not embraced by the Cantrill patents but were within the boundary of the Moore patent.

Immediately following the language of the reply above quoted appellant pleaded, in substance, that in an action in the Pike Circuit Court in the year 1906 between appellee and a predecessor in title of appellant it was pleaded by appellee that he owned the lands in controversy under the same identical title papers through which he now claims and that the lands in litigation are the same identical lands that were in litigation in the former action and that appellant's predecessor was adjudged to be the owner of the lands in that action and that that judgment was conclusive of the present action. The allegations of the reply were not controverted by appellee and it is now argued that appellant was entitled to judgment on the face of the pleadings. However, as the reply had confined the issue

224

to the interference between the Cantrill and Moore patents, the only effect of the plea of res adjudicata was that appellant was the owner of the land within the interference between the patents. This the appellee did not dispute and the court so adjudged. Since the two triangular tracts adjudged to appellee were not within the Cantrill patents, but were within the Moore patent, the trial court was correct in adjudging appellee to be the owner thereof.

Judgment affirmed.